VIGIL, Judge (dissenting). {26} I ultimately agree that a warrantless search of a probationer by a police officer which is undertaken pursuant to a condition of probation which authorizes that search is reasonable under the Fourth Amendment, and therefore constitutional, provided that the police officer has reasonable suspicion for the search. However, I dissent for two reasons. First, I cannot conclude that these searches were undertaken pursuant to, and under the authority of, Defendant’s condition of probation. This is because the police officers did not know that Defendant’s probation conditions allowed for warrantless searches by police officers in addition to probation officers. Secondly, I disagree with the majority’s conclusion that the searches in this case were supported by reasonable suspicion. FACTS {27} Defendant was visiting a house in Alamogordo, New Mexico, when officers arrived in the afternoon to execute a search warrant at the house. The officers knew that the only vehicle parked at the house belonged to Defendant, and that she was not an object of the search warrant; nevertheless, they searched her vehicle without her consent. They asserted authority to do so because the warrant included the residence, curtilage, and vehicles on the curtilage. The officers found drug paraphernalia inside Defendant’s vehicle. After being advised of the discovery and her constitutional rights, Defendant admitted she owned the drug paraphernalia and that she had smoked methamphetamine earlier in the day. Agent House then proceeded to search Defendant’s purse without her consent and cocaine was found inside the purse. While executing the search warrant, the officers became aware at some point that Defendant was on probation. The cocaine found in Defendant’s purse was the basis for the fourth degree felony charge in Count I, possession of cocaine, a controlled substance; and the drug paraphernalia was the basis for the misdemeanor charge in Count II, possession of drug paraphernalia. {28} Defendant’s motion to suppress the evidence discovered in the searches of her vehicle and purse was denied. Pertinent to this appeal, the district court made findings of fact and conclusions of law that: (1) Neither the search of the purse nor the search of the vehicle was within the scope of the warrant. Defendant was at the premises as a visitor; (2) There was no probable cause to search the purse; (3) The search of the purse was not a search incident to arrest; (4) The scope of the search of the purse went beyond that which would arguably be necessary to check it for weapons; (5) Defendant was on probation at the time of the searches, and the officers were aware she was on probation; (6) One condition of Defendant’s probation was, “Defendant will submit to warrantless searches of his/her person, residence and vehicle at the discretion and direction of his/ her probation officer or any law enforcement officer”; (7) There was no attack on the appropriateness of the condition of probation as written and ordered, under which the authority to conduct warrantless searches is extended beyond probation officers to include law enforcement officers; (8) The officer did have a reasonable, articulable suspicion that the purse may contain evidence of a violation of law, and thus a violation of probation, although that suspicion did not rise to the level of probable cause; (9) The condition of probation allowing warrantless searches “was intended to apply to situations exactly like this one, in which Defendant is found at a premises where law enforcement officers are conducting a search for illegal drugs.” Defendant thereupon entered into a conditional plea with the State, reserving her right to appeal the denial of her motion to suppress. DISCUSSION {29} Defendant did not preserve for our review whether the condition of her probation allowing a warrantless search by a police officer in addition to a probation officer is reasonably related to her rehabilitation. As the majority notes, in order to be valid, a condition of probation must be “reasonably related to the defendant’s rehabilitation,” Section 31-20-6(F), and “[t]o be reasonably related, the probation condition must be relevant to the offense for which probation was granted.” Gardner, 95 N.M. at 174, 619 P.2d at 850, discussed in the Majority Opinion at ¶ 10. However, Defendant did not present any evidence or argument to the district court that the warrantless search condition of her probation was not “reasonably related” to the offense of child abuse (no great bodily harm), the offense for which she was granted probation. Therefore, any argument concerning the lack of a reasonable relationship fails due to a lack of proof. See Baca, 2004-NMCA-049, ¶ 19, 135 N.M. 490, 90 P.3d 509 (stating that the trial court properly concluded a warrantless search condition of probation was valid where the defendant presented no evidence establishing the lack of a reasonable relationship between the probation condition and the underlying offense); Ponce, 2004-NMCA-137, ¶ 7,136 N.M. 614, 103 P.3d 54 (stating that a defendant moving to suppress evidence has the burden to come forward with evidence to raise an issue as to an illegal search and seizure, and once she has done so, the burden shifts to the state to justify the warrantless search or seizure). I therefore assume that the warrantless search condition of Defendant’s probation is reasonably related to Defendant’s rehabilitation. {30} However, Defendant argues on appeal that the condition of her probation which requires her to submit to warrantless searches of her person, residence, and vehicle at the discretion or direction of her probation officer or any law enforcement officer is unconstitutional. I agree with the majority that we must address Defendant’s constitutional argument, even if she did not preserve that issue in the district court. We must address this contention because if the condition is unconstitutional, it results in an illegal sentence. See Shay, 2004-NMCA-077, ¶ 6, 136 N.M. 8, 94 P.3d 8 (noting that we have allowed both the state and defendants to challenge illegal sentences for the first time on appeal based on the rationale that the district court does not have jurisdiction to impose an illegal sentence and the appellate rules allow jurisdictional issues to be raised for the first time on appeal). {31} Defendant first argues that a probation condition, which allows for warrantless searches, is unconstitutional unless the warrantless searches are “probation searches” that are “conducted as part of the probationary process” for a probation violation. However, this argument has already been rejected by the United States Supreme Court. See Knights, 534 U.S. at 116, 122 S.Ct. 587 (rejecting the argument that a warrantless probation search condition must be conducted for “probationary” purposes and not for “investigatory” purposes or it is unconstitutional under the Fourth Amendment). Defendant does not argue that the New Mexico Constitution affords greater protection than the United States Constitution in this context, and we therefore assume that the protection afforded by both constitutions is identical. Ochoa, 2004-NMSC-023, ¶ 6, 135 N.M. 781, 93 P.3d 1286. {32} Defendant next asserts that an unconstitutional search occurs where a police officer performs a warrantless probation search and it is not “at the direction of a probation officer.” This argument was also rejected in Knights in which a police officer performed a warrantless search of the defendant’s apartment without the involvement of any probation officer, but the police officer was aware of the defendant’s probation condition allowing for a warrantless search “by any probation officer or law enforcement officer.” 534 U.S. at 114-15, 117, 122 S.Ct. 587. A. Knowledge of the Probation Condition {33} In this case, the police officers became aware at some point that Defendant was on probation. However, there is no evidence that the police officers were aware that a term of her condition was that she would “submit to warrantless searches of [her] person, residence and vehicle at the discretion or direction of [her] probation officer or any law enforcement officer.” This is unlike Knights, in which the police officer who conducted the search of the defendant’s apartment knew of the search condition providing for a warrantless search “by any probation officer or law enforcement officer.” Id. at 114-15, 122 S.Ct. 587. Defendant argues that the search is unconstitutional and cannot be validated under the condition of probation unless the police officer knows of the probation condition at the time of the search. This presents an issue of first impression under New Mexico law. {34} The constitutionality of a probation search conducted by a police officer who does not know of a probation condition allowing a search has been fully developed in California. In In re Martinez, 1 Cal.3d 641, 83 Cal.Rptr. 382, 463 P.2d 734 (1970) (in bank), the California Supreme Court held that the warrant-less search of a home could not be justified as a parole search, and was therefore unconstitutional, where the police did not know of the defendant’s parole status when they conducted the search. Id. at 737-38. People v. Robles, 23 Cal.4th 789, 97 Cal.Rptr.2d 914, 3 P.3d 311 (2000) followed, in which the California Supreme Court held that the search of a home was unconstitutional even though the defendant’s brother who lived in the home was on probation and was subject to a search condition, because the police were unaware of the condition at the time of the search. Id. at 314. People v. Sanders, 31 Cal.4th 318, 2 Cal.Rptr.3d 630, 73 P.3d 496 (2003) followed, in which the police searched the home of two persons, one of whom was on parole and subject to a search condition. However, the police were unaware of the search condition at the time of the search. The California Supreme Court held that the search was unconstitutional. Id. at 498. The reasoning of these decisions was subsequently extended to searches of individuals on probation by police officers where the police officer did not know of the probation condition at the time of the search. See People v. Bowers, 117 Cal.App.4th 1261, 13 Cal.Rptr.3d 15, 17 (2004); People v. Hoeninghaus, 120 Cal.App.4th 1180, 16 Cal.Rptr .3d 258 (2004). This reasoning was then extended to searches of juveniles by police officers in In re Jaime P., 40 Cal.4th 128, 51 Cal.Rptr.3d 430, 146 P.3d 965, 966 (2006), overruling In re Tyrell J., 8 Cal.4th 68, 32 Cal.Rptr.2d 33, 876 P.2d 519 (1994). {35} The reasoning of the California courts is succinctly stated in Sanders. Unlawful police conduct is legitimized if evidence obtained during a search which would otherwise violate the Fourth Amendment is admitted into evidence merely because it was later discovered that the suspect was subject to a probation or parole search condition. Sanders, 2 Cal.Rptr,3d 630, 73 P.3d at 507-08. Furthermore, such a search cannot be justified as a probation or parole search because the officer is not acting pursuant to the conditions of probation or parole. Id. at 506. The California Supreme Court further pointed out that almost without exception in evaluating alleged violations of the Fourth Amendment, the United States Supreme Court has undertaken an objective assessment of the circumstances known to the officer at the time the search was conducted. Id. at 507. {36} We have held that warrantless probation searches and seizures must comply with the reasonableness components of the Fourth Amendment and Article II, Section 10 of the New Mexico Constitution. Ponce, 2004-NMCA-137, ¶ 16, 136 N.M. 614, 103 P.3d 54. In assessing reasonableness under the Fourth Amendment, our essential inquiry, involves two questions: “whether the officer’s action was justified at its inception, and whether it was reasonably related in scope to the circumstances which justified the interference in the first place.” State v. Neal, 2007-NMSC-043, ¶ 18, 142 N.M. 176, 164 P.3d 57 (internal quotation marks and citations omitted) (emphasis added); State v. Robbs, 2006-NMCA-061, ¶ 12, 139 N.M. 569, 136 P.3d 570 (same). Whether reasonable suspicion to detain a person to investigate possible criminal activity is consistent with the Fourth Amendment is measured by whether the facts give rise to a reasonable suspicion at the inception of the detention. State v. Ochoa, 2008-NMSC-023, ¶¶ 17, 19, 143 N.M. 749, 182 P.3d 130; City of Roswell v. Hudson, 2007-NMCA-034, ¶ 15, 141 N.M. 261, 154 P.3d 76. Searches of high school students do not require probable cause, but school officials must have reasonable grounds for suspecting that a search will turn up evidence that the student has violated, or is violating, the law or the rules of the school. Such reasonable grounds must exist at the inception of the search. State v. Pablo R., 2006-NMCA-072, ¶ 11, 139 N.M. 744, 137 P.3d 1198. {37} The majority contends that this issue was not preserved for our review. Majority Opinion ¶ 16. I disagree. Defendant’s written motion to suppress alleged in part that the search of her vehicle and purse were without her consent and beyond the scope of the search warrant the officers were executing for the premises she was visiting. Defendant therefore asserted that these searches violated her Fourth Amendment rights. This was sufficient to place burden on the State to justify these warrantless searches. Ponce, 2004-NMCA-137, ¶ 7, 136 N.M. 614, 103 P.3d 54 (“In the face of a defendant’s challenge to the constitutionality of a warrantless arrest or search, the State is required to present testimony or other evidence showing that the arrest or search met constitutional muster.”). At the hearing on the motion, the State asserted it would rely, in part, upon Paragraph 9 of Defendant’s condition of probation as justification for the searches, and the judgment and sentence setting forth Defendant’s conditions of probation was admitted into evidence specifically for this purpose. The State elicited from Defendant her knowledge of the Paragraph 9 condition of her probation, but it failed to introduce any evidence that the police officers who searched her vehicle and purse had any knowledge of this condition of her probation before the searches. As the authorities discussed above make clear, the State cannot rely on information discovered after a search to justify the search. While the specific context of a warrantless probation search by police officers has not heretofore been addressed, the general principle that the facts known to the officer to justify the search must be known at the inception of the search is well settled. Thus, the State was on notice that it was required to present all the facts known to the officers before they searched Defendant’s vehicle and purse which it contended justified these warrantless searches. {38} I am unaware of any cases in New Mexico (or elsewhere) in which the constitutional validity of a search was justified by information discovered after the search was completed. Under these circumstances, the logic and reasoning of the California authorities cited above is compelling. Although the police officers in this case knew that Defendant was on probation, there is no evidence that they knew Defendant’s probation was subject to a warrantless search by police officers. We cannot assume that they had such knowledge. I therefore conclude that the search of Defendant’s automobile and her purse was unconstitutional for this reason alone. B. No Reasonable Suspicion {39} Defendant also argues that the officers did not possess reasonable suspicion to search either her car or her purse. I agree with Defendant on this question as well. {40} Knights acknowledges the needs of the state to monitor the conduct of individuals on probation consistent with the Fourth Amendment and holds, “[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer’s significantly diminished privacy interests is reasonable.” 534 U.S. at 121, 122 S.Ct. 587. Thus, the officers were required to possess reasonable suspicion that Defendant was engaged in criminal activity when they searched her vehicle and her purse. Our own Supreme Court has recently repeated: A reasonable suspicion is a particularized suspicion, based on all the circumstances that a particular individual, the one detained, is breaking, or has broken, the law. The test is an objective one. The subjective belief of the officer does not in itself affect the validity of the stop; it is the evidence known to the officer that counts, not the officer’s view of the governing law. We objectively examine whether the facts available to the officer warrant the officer, as a person of reasonable caution, to believe the action taken was appropriate. We will find reasonable suspicion if the officer is aware of specific articulable facts, together with rational inferences from those facts, that, when judged objectively, would lead a reasonable person to believe criminal activity occurred or was occurring. State v. Hubble, 2009-NMSC-014, ¶ 8, 146 N.M. 70, 206 P.3d 579 (internal quotation marks and citations omitted). Again, the facts establishing reasonable suspicion must exist at the inception of the searches. Id. ¶ 7. {41} The officers searched Defendant’s vehicle without her consent simply because it was parked at the house where they were executing the search warrant. The district court concluded that the search of the vehicle was not within the scope of the warrant and I agree. Furthermore, there is absolutely no evidence linking Defendant’s vehicle to any suspected criminal activity at the home where the search warrant was being executed. Any assertion of reasonable suspicion related to the vehicle fails. {42} With regard to the purse, the district court made a finding that the officer had a reasonable articulable suspicion that the purse may contain a violation of the law. This finding was apparently based upon what was discovered in the search of the vehicle, coupled with Defendant’s admission that she owned the drug paraphernalia and that she had smoked methamphetamine earlier in the day. However, since the initial search of Defendant’s vehicle was unconstitutional, all evidence obtained as a result of that search cannot form the basis for reasonable suspicion. See State v. Harris, 116 N.M. 234, 238, 861 P.2d 275, 279 (Ct.App.1993) (applying fruit of the poison tree doctrine to out-of-court identification following illegal stop); State v. Rivas, 2007-NMCA-020, ¶ 16, 141 N.M. 87, 150 P.3d 1037 (2006) (noting that consent to search which is tainted by a Fourth Amendment violation is invalid). {43} The only facts which remain to justify searching Defendant’s purse are: (1) Defendant was visiting a home where the officers were executing a search warrant for drugs, and (2) Defendant was on probation. The majority concludes that this constitutes sufficient reasonable suspicion to search the purse. Majority Opinion ¶¶ 19-20. Respectfully, I disagree. If this were so, these two factors alone would constitute reasonable suspicion. Thus, mere presence where a crime is being investigated coupled with the fact of probation would negate the requirement of reasonable suspicion. Our case law is very clear that mere presence alone at a residence where a search warrant is being executed for drugs does not justify the arrest or detention of the mere visitor. State v. Graves, 119 N.M. 89, 94, 888 P.2d 971, 976 (Ct.App.1994). In State v. Martinez, 1996— NMCA-109, ¶ 34, 122 N.M. 476, 927 P.2d 31, we specifically stated that police officers cannot detain a non-resident who is present during a drug raid on a home on the basis of his presence alone. There must be “presence plus” facts that would make detaining or searching a non-resident reasonable under the circumstances. Id. (internal quotation marks and citation omitted). {44} In this case, Defendant was not shown to have any connection with the drugs being sought under the search warrant; there are no facts showing that the officers had grounds to suspect such a connection; there were no circumstances presented to give rise to a reasonable suspicion that Defendant was involved in criminal activity; there was no evidence of any attempts by Defendant to flee; there was no evidence of furtive gestures or sudden movements made by Defendant towards a weapon; there was no evidence of any threats made by Defendant; there was no evidence that Defendant resisted detention; there was no evidence that Defendant would destroy evidence; and there was no evidence that Defendant was the target of the search warrant. See Graves, 119 N.M. at 94, 888 P.2d at 976 (concluding that under similar circumstances, it was not reasonable for police officers to detain a visitor of premises which were being searched pursuant to a search warrant). The evidence fails to establish reasonable suspicion that Defendant was committing or about to commit any criminal offense. Under these circumstances, there is no reasonable suspicion. {45} Notwithstanding the assertion of the majority to the contrary (Majority Opinion, ¶ 23), I completely disagree with the majority’s analysis of reasonable suspicion as it concerns both the vehicle and the purse. In addition, I do not engage in any analysis of whether Defendant’s purse was justified as being on her “person” as the majority does. Majority Opinion, ¶ 21. CONCLUSION {46} The search of Defendant’s vehicle and purse was not justified by Defendant’s probation condition at the commencement of the search. These searches were not undertaken pursuant to, and under the authority of, Defendant’s condition of probation. Since the officers were unaware of Defendant’s condition of probation when they commenced the search, I would reverse the order of the district court denying Defendant’s motion to suppress on this basis alone. In the alternative, I respectfully submit that the evidence totally fails to demonstrate reasonable suspicion to search Defendant’s vehicle and purse. On this alternative basis, I would also reverse the order of the district court. Since the majority disagrees, I dissent.